IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| OLAYINKA OYE | ) | |
| | ) | |
| *Plaintiff* | ) | Case No. 1:21-cv-03749 |
| | ) | |
| *v.* | ) | Judge Charles R. Norgle, Sr. |
| | ) | |
| HARTFORD LIFE AND ACCIDENT | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| *Defendant* | ) | |

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S
MOTION FOR ENTRY OF JUDGMENT UNDER FED. R. CIV. P. 52(a)**

Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY

("Hartford"), by its attorney Warren von Schleicher of Smith von Schleicher & Associates,

submits its Motion for Entry of Judgment pursuant to Fed. R. Civ. P. 52(a):

1.      Plaintiff, Olayinka Oye ("Oye"), as a benefit of employment with

PricewaterhouseCoopers ("PwC"), obtained disability coverage under PwC's Group Long Term

Disability Plan ("Plan"). The Plan is insured by Hartford and governed by the Employee

Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA").

2.      The parties agree that this case is properly adjudicated under Fed. R. Civ. P. 52(a)

by applying ERISA's *de novo* standard of judicial review based on the stipulated administrative

record. The administrative record has been filed under seal with the Court at ECF Doc. 18-1

through 18-30, ECF Doc. 19 through 19-34, and ECF Doc. 20 through 20-30.

3.      Oye initiated this lawsuit to obtain payment of disability benefits under 29 U.S.C.

§1132(a)(1)(B) from September 27, 2020 through the remainder of the Your Occupation period

ending September 18, 2022.

4.      Under the *de novo* standard, Oye bears the burden of proving, by a preponderance of the evidence, that she satisfied the Plan's Your Occupation definition of Disability from September 28, 2020 through September 18, 2022. Any doubts or gaps in the evidence must be construed against a finding of Disability, because Oye bears the burden of proof.

5.      Oye claims to experience disabling symptoms of fibromyalgia. She also has coexisting psychiatric conditions. But she insists that her Disability claim must be adjudicated based solely on her physical condition, as part of her "all or nothing" litigation strategy to circumvent the Plan's 24-month benefit limitation for Disabilities resulting from Mental Illness.

6.      Oye's "proof" of Disability consists primarily of her subjective complaints of pain and fatigue. But the clinical findings and objective evidence demonstrate that Oye has the functional capacity to perform sedentary to light level work full time.

7.      Hartford consulted three board certified rheumatologists, a board certified physical medicine and rehabilitation physician, and a board certified internal medicine physician, each of whom examined the medical evidence and concurred that the objective evidence and clinical findings failed to support a disabling physical condition, independent of Oye's multiple psychiatric conditions. Hartford consulted a vocational rehabilitation specialist, who opined that Oye's Occupation as recognized in the general workforce was sedentary in nature.

8.      As the Seventh Circuit consistently has held, although pain and fatigue are inherently subjective, functional limitations caused by pain and fatigue can be objectively measured.

9.      Oye failed to provide objective clinical documentation that her subjective symptoms caused disabling functional limitations, independent of her coexisting psychiatric conditions. Oye, therefore, failed to carry her burden of proving she satisfied the Plan's Your

Occupation definition of Disability as of September 28, 2020 and thereafter, warranting

judgment for Hartford under Fed. R. Civ. P. 52(a).

10.     Hartford respectfully requests that the Court adopt Hartford's Proposed Findings

of Fact and Conclusions of Law, enter judgment for Hartford pursuant to Fed. R. Civ. P. 52(a),

dismiss Oye's Complaint with prejudice, and award Hartford its reasonable attorneys' fees and

costs pursuant to 29 U.S.C. §1132(g).

WHEREFORE, Hartford Life and Accident Insurance Company respectfully requests

entry of judgment in its favor under Fed. R. Civ. P. 52(a).

Warren von Schleicher (IL- 6197189)              Respectfully submitted,
SMITH | VON SCHLEICHER + ASSOCIATES
180 N. LaSalle St. Suite 3130                    By: */s/ Warren von Schleicher*
Chicago, Illinois 60601                          Attorney for Defendant
P  312.541.0300  |  F  312.541.0933              Hartford Life and Accident Insurance Company
warren.vonschleicher@svs-law.com

3

**CERTIFICATE OF SERVICE**

I certify that on March 24, 2022, I electronically filed the foregoing with the Clerk of the above Court using the CM/ECF system, which will send notification of such filing on the following attorney:

Mark D. DeBofsky
DeBofsky Sherman Casciari Reynolds, P.C.
150 North Wacker Street, Suite 1925
Chicago, Illinois 60606
mdebofsky@debofsky.com

*/s/ Warren von Schleicher*
SMITH | VON SCHLEICHER + ASSOCIATES
180 North LaSalle Street, Suite 3130
Chicago, Illinois 60601
P  312.541.0300 | F  312.541.0933
warren.vonschleicher@svs-law.com
Illinois Bar No. 6197189